DANIEL B. BUSH *vs.* ISABELLA MURRAY.

Cumberland, 1876.—December 13, 1876.

*Action.*

One sustaining an injury caused by a person intoxicated must bring his action for the injury under the statute of 1872, c. 63, § 4, against the person by whom the sale of the intoxicating liquors was made, which caused the intoxication of the person by whom the injury was done.

The action cannot be sustained against the vendor to the person by whom the sale was made to the intoxicated person by whom the injury was done.

ON EXCEPTIONS, from the superior court.

CASE, under act of 1872, c. 63, § 4, for selling intoxicating liquor by means of which the plaintiff's wife became intoxicated and he injured.

The justice instructed the jury, if the liquors were sold by the defendant to Mrs. Flynn, and she without any knowledge on the part of the defendant gave it to the wife of the plaintiff whereby she became intoxicated and committed the damage, that the defendant was not liable.

The verdict was for the defendant and the plaintiff alleged exceptions.

*C. E. Clifford & W. H. Clifford,* for the plaintiff.

*J. Howard, N. Cleaves & H. B. Cleaves,* for the defendant.

APPLETON, C. J. This is an action under the provisions of c. 63, § 4, of the acts of 1872.

It is provided by this section that "every wife, child, parent, guardian, husband or other person who shall be injured in person, property, means of support or otherwise, by any intoxicated person, or by reason of the intoxication of any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating liquors or otherwise, have caused or contributed to the intoxication of such person or persons; and in any such action the plaintiff shall have a right to recover actual and exemplary damages."

The causing or contributing to the intoxication of the person by whom an injury has been done refers to the direct and immediate

result of the selling or giving the intoxicating liquors by which the intoxication was caused. The liability attaches to the person selling or giving and to no one else. The selling or giving must be to the person intoxicated by whom the injury to the person or property was done and must cause his intoxication. If A sells to B, and B to C, and so on till Z sells to the person intoxicated by whom the injury is done, A cannot be regarded as the person selling to the person intoxicated and responsible to one whose person or property has been injured by the individual to whom Z sold the intoxicating liquors causing the intoxication of the person by whom the injury was done. If A were to be held liable so would all the intermediate sellers prior to the last as well as the last, which would be absurd.

The giver of intoxicating liquors is not guilty of an offense against the law. If the doctrine contended for by the plaintiff's counsel were to be sustained, the donee by a subsequent gift might make the donor, who is guilty of no crime, responsible for the consequences of an act he could not foresee and in which he was in no respect a participant.

The seller or giver of intoxicating liquors to one other than the person doing the injury cannot within any reasonable construction of the statute be regarded as having caused or contributed to the intoxication of the person doing the injury. As well might it be contended that the farmer who raised the grain from which the whiskey causing the intoxication was distilled, the mechanic by whom the machinery used in its distillation was made, or the cooper in whose barrels the results of the distillation are poured, have contributed to the intoxication of one intoxicated by the liquors, in the production of which, their labor may have entered. No one would contend that they were to be held responsible for damages caused by a person intoxicated, on the ground that they have caused or contributed to the intoxication of the person by whom the damage was done by reason of their participation in the production of the liquor causing such intoxication. Neither does the first in an indefinite series of successive sellers or givers cause or contribute to the intoxication resulting from a sale or gift by some remote purchaser or donee of the same liquor. If it were so, one

would be held liable for the consequences of a sale or gift he did not make, of which he had no knowledge and which he would never have made had the opportunity been presented him.

The conclusion at which we have arrived does not touch the question of a sale made by the servant or agent of the individual sued or by his procurement. The master would be held liable for a sale made by those in his employ. *Smith* v. *Reynolds*, 8 Hun. (N. Y.) 128. *Exceptions overruled.*

BARROWS, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.