E. H. JONES ET AL., PLAINTIFFS IN ERROR, V. LUCY A. BATES ET AL., DEFENDANTS IN ERROR.

[FILED JUNE 13, 1889.]

1. **Liquors:** SALE TO HUSBAND: PARTIES. A married woman and her minor children constituting one family, may join in an action for the loss of means of support caused by the intoxication of the husband and father, against those who furnished him intoxicating liquor.

2. ———: ACTION AGAINST LIQUOR SELLER. Such action may be brought against the persons furnishing such liquor personally and not on their bonds. The cause of action arises from injury occasioned by furnishing the liquor. The bond is given as an indemnity for the payment of such damages; but the plaintiff, if he see fit, may sue the saloon keeper alone, and not his sureties.

3. ———: ———: PARTIES. All persons who furnished intoxicating liquors which contributed to the intoxication, may be joined as defendants.

4. ———: EFFECT OF LICENSE. A license to sell intoxicating liq-
uors protects the licensee only against prosecutions by the state.
It is no protection in an action for injuries inflicted on A, by B,
by reason of intoxicating liquors furnished to B which contrib-
uted to his intoxication.

5. **Instructions** examined, and *held*, properly given.

6. **Instructions** asked by defendants, *held*, properly refused.

ERROR to the district court for Dixon county. Tried
below before POWERS, J.

*W. E. Gantt*, for plaintiffs in error, cited: *Dillon v.
Linder.* 36 Wis. 344; *Davis v. Justice*, 31 O. St. 363; *Bar-
net v. National Bank*, 8 Otto, 559; Potter's Dwarris on
Statutes, pp. 162, 228, 229, 275.

*Barnes Brothers*, for defendants in error, cited: *Ashton.
v. Jones*, 14 Neb. 428.

MAXWELL, J.

The defendants in error brought an action in the district
court of Dixon county against the plaintiffs in error, who
are saloon keepers, to recover for loss of means of support
caused by intoxicating liquors furnished by the plaintiffs
in error to the husband of Lucy A. Bates, and father of
the defendants in error, who are minors. On the trial of
the cause the jury returned a verdict for $600 in favor of
the defendants in error, and a motion for a new trial hav-
ing been overruled, judgment was entered on the verdict.

A large number of errors are assigned. The first re-
lates to the petition, which it is claimed is insufficient.
Omitting the formal parts, it is as follows: "That from
the 30th day of April, 1883, to the time of filing this peti-
tion, that the said defendants Elijah H. Jones and William
Gillen were engaged in business in the retail traffic in in-
toxicating liquors, in the village of Ponca, county of Dixon,
and state of Nebraska, as partners under the firm name and

style of Jones & Gillen; that said defendants Peter Smith
and B. W. Doyle, from the 30th day of April, 1883, up to
the 1st day of May, 1885, were engaged in business in the
retail traffic in intoxicating liquors, in the village of Ponca,
county of Dixon, state of Nebraska, as partners under the
firm name and style of Doyle & Smith; that said defend-
ants Patrick E. Rush and J. N. Hamn, from the 30th day
of April, 1883, up to the time of filing this petition, were
engaged in business in the retail traffic of intoxicating liq-
uors, in the village of Ponca, county of Dixon, and state of
Nebraska, as partners under the firm name and style of
Rush & Hamn; that at and during all of the time afore-
said, the said Lucy A. Bates, plaintiff, was for a long time
prior thereto, and now is, the wife of one C. W. Bates, and
is residing in a state of wedlock, in Ponca, Dixon county,
Nebraska; that during all of the time hereinbefore men-
tioned, the said C. W. Bates, the husband of this plaintiff,
was addicted to the immoderate use of intoxicating liquors
as a beverage; and that said defendants during all of said
time, did sell, give, and furnish, intoxicating liquors to said
C.W. Bates, to such an extent and in such quantities that the
said C. W. Bates became and was, during all of said time,
a habitual drunkard, and was continually in a state of in-
toxication, and was thereby rendered wholly unfit to per-
form labor, and was unable to carry on his business, and
did not furnish this plaintiff with any means of support;
that her said husband, C. W. Bates, during all of said time,
was in such a condition by reason of the use of said intox-
icating liquors, so sold, given, and furnished, to him by de-
fendants, that his earnings were small, and what money
he did earn was all paid to defendants for said liquor as
aforesaid; and that all of said defendants sold, gave, and
furnished, said liquor to C. W. Bates which so caused his
intoxication as aforesaid; and that he, the said C. W. Bates,
spent much of his time in the saloons so kept by defend-
ants; and that the said defendants did continue to sell

and did sell said intoxicating liquors to said C. W. Bates while he was intoxicated as aforesaid; that the said C. W. Bates, while so intoxicated, was profane, cruel, and abusive, to this plaintiff and said minor children; that he was unable to support himself, and plaintiff was obliged to labor to support her said husband as well as herself and minor children; that this plaintiff and her said minor children were during all of said time dependent on her said husband, C. W. Bates, for their means of support; that said C. W. Bates is a mechanic, millwright, and a blacksmith, by profession, and well skilled in all kinds of mechanical work; that when sober and not under the influence of intoxicating liquor, he was an industrious man, and well able to earn, and did earn, for the support of this plaintiff and her minor children, the sum of from three to five dollars per day, or the sum of $1,000 per year; and that during all of the said time, and for the three years last past, said C. W. Bates has been unable to labor and to obtain employment by reason of his so being continually in a state of intoxication, caused by the selling, furnishing, and giving, of said intoxicating liquors to him by said defendants as hereinbefore set forth, and has not contributed anything to the support of the said plaintiff and her said minor children; and that plaintiff has been left entirely destitute, and has during all of said time been obliged to and has gone out to menial service and labor in order to earn the means necessary to support and clothe herself and her minor children; and that said C. W. Bates has himself been so supported by this plaintiff; that plaintiff and her said minor children constitute one family and reside in Ponca, Dixon county, Nebraska, and have been and are entirely without the means of support as aforesaid, and that plaintiffs have sustained damages to their means of support in the premises, in the sum of three thousand dollars."

The defendants below (plaintiffs in error) demurred to the petition upon three grounds, viz.: a defect of parties

defendant, improper joinder of causes of action, and that the facts stated in the petition do not constitute a cause of action. The demurrer was overruled, to which exceptions were duly taken, and they filed answers in which they in substance pleaded, first, a general denial; second, that they were not jointly engaged in the business of selling intoxicating drinks, and did not jointly furnish C. W. Bates intoxicating liquors; third, that they have given bond and received license for the sale of intoxicating liquors, and that they are liable only on their respective bonds.

No reply was filed to this answer.

The objection raised to the petition is, that the action is one arising alone by virtue of the statute, and that as the statute makes the saloon keepers liable on their bonds, they are not liable in any other manner. The question here presented was before the court in *Roose v. Perkins*, 9 Neb. 304, the action in that case being against the saloon keepers personally, and not on their respective bonds. The cause of action is not the bond. The bond is merely a mode of securing satisfaction for the injury. In other words, the bond is given as a means of indemnifying persons who may be injured by the saloon keeper furnishing intoxicating liquors to another. The cause of action, however, arises from an injury suffered in consequence of the furnishing of such liquors. The license is in the nature of a regulation, but is no protection to the person furnishing the liquor, except as against the state. Notwithstanding the license, the person licensed furnishes liquor at his peril, and if he contributes to the intoxication of an individual by reason of which an injury results to any one, he will be liable. The act of furnishing the liquor is regarded in law as a tort, and all who furnish it as wrong-doers. The demurrer, therefore, was properly overruled, and the second and third counts of the answer, for the reasons above stated, constitute no defense.

The testimony tends to show that C. W. Bates, the hus-

band, before he became addicted to the habitual use of in-
toxicating liquors, was a skillful mechanic, a kind husband,
and considerate father, and was earning from three to five
dollars per day; that during the time stated in the petition,
he procured intoxicating liquors from the three saloons of
the plaintiffs in error, and that during that time he almost
wholly failed to provide for his wife and family; that his
wife, by washing, ironing, and other labor, had been com-
pelled to provide for her own wants, and for her children.
The testimony also shows that Bates was naturally indus-
trious; as expressed by one of the witnesses, "there was
not a lazy hair in his head." The cause of the loss of
means of support is clearly shown to have been the intoxi-
cation of Bates.

On the part of the plaintiffs in error, it is attempted to
be shown that Bates had, prior to the date fixed in the pe-
tition, become so addicted to the use of intoxicating liquors
as to be incapable of earning a support for his wife and
family. This cannot be considered even in mitigation of
damages. It will not do for the parties to say, "That man
was a partial wreck when we commenced to sell him intoxi-
cating liquor, and he so continued while we supplied him
the means to be such." Had they ceased supplying him
with intoxicating drink, it is probable that he would soon
have regained his usual vigor; and having failed to do so,
and thereby kept him incapacitated for earning a livelihood,
they must answer for the value of his labor, as if he had
been able to perform it.

Some objection is made to the proof of marriage; but
we find that the plaintiffs in error in examining Bates,
whom they called as a witness, proved by him that he was
the husband of Lucy A. Bates. It is unnecessary, there-
fore, further to consider that question.

The court, on its own motion, instructed the jury as fol-
lows:

"1st. This action is brought to recover from defendants

for damages to the means of support of the plaintiff and the support of her minor children, by reason of the defendants selling to her husband, C. W. Bates, intoxicating liquors during the period from April 30th, 1883, to September 9th, 1885, in the town of Ponca, Nebraska.

"2d. By the law of this state, every person who sells or gives intoxicating liquors to another, and thereby in whole or in part causes the intoxication of such person, is liable to the wife of the person so becoming intoxicated, for any injury she may sustain to her means of support, resulting as a consequence of such intoxication.

"3d. In order to entitle the plaintiff to recover, she must prove by a preponderance of evidence that the plaintiff at the time stated in her petition, was the wife, and that Ora Bates, Manley Bates, Merritt Bates, and Robert Bates, were the minor children of C. W. Bates, and constituted one family; and that said defendants, or either of them, or the servants or employés, or any person acting for said defendants, or either of them, did during the period from April 30, 1883, to September 9, 1885, sell or give to said C. W. Bates, intoxicating liquors of any kind, and thereby in whole or part cause the intoxication of said Bates, and in consequence of such intoxication, or the use of such liquors, the plaintiff was thereby damaged in the means of support to herself and the minor children mentioned. And unless you do so find, your verdict should be for the defendants.

"4th. In an action of this kind, the person injured may sue any one or all of the persons who may have furnished the intoxicating liquors which caused, by their joint acts and sales, the damages, if any, resulting from such sales, and may recover, if the testimony warrants it, from any one or more of the persons who by themselves, their agents, or employés, made such sales or furnished such intoxicating liquors, the damages sustained thereby.

"And in this case, although against all of the defendants

jointly, you have the right, if you find that the evidence warrants it, to return a verdict against all or either of them; that is, against the defendants Jones & Gillen, the defendants Rush & Hamn, or defendants Smith & Doyle, or may return a verdict in favor of all or either of them.

"5th. In determining the amount of damages, if any, you find the plaintiff entitled to, you are at liberty to consider the habits, health, and estate, of the husband of plaintiff up to and before the 30th day of April, 1883, and the profits of his labor, if any, and the condition of his said family at such time as elements in deciding what the amount of the injury or damages may have been from the loss of such support, if any, during the period mentioned from April 30, 1883, to September 9, 1885; but in no case of this kind can the amount of damages exceed the value of such support, whatever may be the necessity of such family.

"6th. In order to make defendants or either of them liable for injuries to loss of support occasioned by intoxication, which resulted from drinking intoxicating liquors furnished to the husband of plaintiff, it is not necessary that such intoxication be wholly produced by intoxicating liquors furnished by defendants. It is only necessary to show that the liquors furnished by them, if any, contributed or assisted in producing such intoxication, which resulted in the loss of such support.

"7th. This is a civil action, and in such cases the plaintiff must prove the material facts as alleged in the petition by a preponderance of evidence; and until this is done the plaintiff is not entitled to recover.

"8th. If you find for the plaintiff, you will assess her damages in such sum as the evidence has shown her entitled to, not exceeding the amount claimed in the petition.

"If you find for the defendants, you will so state in your verdict."

These instructions contain a clear and concise statement of the law, and there was no error in giving them.

The plaintiffs in error asked the court to give the following instructions, which the court refused to give:

"No. I. The jury are instructed that the burden of proof is on the plaintiffs, and to entitle them to recover in this action, they must show by a preponderance of the testimony every material allegation of their petition; and if in your judgment the proof introduced by plaintiff fails to show this, then your verdict shall be for the defendants.

"No. II. The jury are instructed that the plaintiffs must prove affirmatively that the defendants sold liquor to C. W. Bates, as set out in the petition, and that the liquors so sold to C. W. Bates were intoxicating."

It will be observed that the court had already given the first instruction asked, while the second is entirely too narrow in limiting the right to recover to liquor *sold* to Bates, and also in other respects. It was properly refused, therefore.

There is no material error in the record. It is apparent that the verdict should have been for a much larger sum; but that is not a matter for us to consider. The judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.