WEST *v.* LEIPHART & CO.

1. Intoxicating Liquors — Infants — Civil Damage Action — Parties—Joinder—Parent and Child.

A civil-damage action does not lie in the name of the mother of several infants for her benefit and the benefit of the children whose brother, a minor, died as the result of an unlawful sale of intoxicating liquors.

2. Same—Proximate Cause—Sale to Minor.

The death of such minor by falling under a moving freight train on which he tried to catch, while intoxicated with liquor furnished decedent by a person in the habit of becoming intoxicated who bought it of the defendant, a druggist, was not the proximate result of such unlawful sale by the druggist. 2 Comp. Laws, § 5398.[1]

Error to Wexford; Lamb, J. Submitted January 10, 1912. (Docket No. 22.) Decided March 29, 1912.

Case by Anna West against E. P. Leiphart & Company and others for the unlawful sale of intoxicating liquor under the civil-damage law. Judgment for plaintiff. Defendant brings error. Reversed and no new trial ordered.

*Gaffney & Miltner*, for appellants.

*Sawyer & Penny*, for appellee.

Steere, J. Anna West, the plaintiff, brought this action to recover from defendants damages claimed to have been sustained through the death of her minor son, Alfred West, which resulted from intoxication caused by liquor unlawfully sold by defendant Leiphart. Leiphart, the principal defendant, was the owner of, and conducted,

---

[1] Necessity, to sustain a recovery under civil-damage act, that the intoxication be the proximate cause of the injury, see note in 13 L. R. A. (N. S.) 1158.

a drug store in the city of Cadillac. Defendants Reed and Russell were his sureties. Alfred West, son of plaintiff, was killed on January 22, 1911, by catching hold of a car in a freight train passing a street crossing at a rapid rate of speed. He was intoxicated at the time. It is claimed that the liquor which caused his intoxication was sold by defendant Leiphart to two persons named Stuebeck and Johnson, who boarded with plaintiff; that Stuebeck was a minor, and Johnson, who was an habitual drunkard, was intoxicated at the time he procured the liquor.

Plaintiff's testimony tended to show that on the morning of the day in question both Johnson and Stuebeck at different times went to and purchased from defendant Leiphart a quart of whisky and a half pint of alcohol each, which they later took to the residence of plaintiff, and during the forenoon, in company with plaintiff's son, Alfred West, and others, consumed it; that said Alfred West became much intoxicated, and while being escorted from his home by a companion to a place where it was desired to take him to sober him up, a freight train crossed the street just as they reached the track, and, from a drunken impulse, he ran towards it, made a grab at one of the cars, lost or missed his hold, was thrown under the wheels, and fatally injured, dying between two and three hours thereafter. Plaintiff, his mother, with whom he resided, testified he was 18½ years old, was industrious and helpful, contributing towards the support of herself and his minor brothers and sisters about $5 per week. Defendant Leiphart admitted that on the day in question he sold a pint of whisky and a half pint of alcohol to Johnson, who claimed to be unwell and wished it for medicinal purposes, but claimed he was not at that time intoxicated, or to his knowledge an habitual drunkard, and denied having sold any liquor whatever to Stuebeck. There is no claim that Alfred West, the deceased, purchased any liquor from Leiphart, and the testimony does not tend to show that West was a party to, or knew of,

these purchases until the liquor was brought to his mother's house, where it was jointly consumed by him and the others.

At the conclusion of plaintiff's testimony, counsel for defendant moved the court to direct a verdict of no cause of action on the ground that, conceding plaintiff's testimony to be true, the facts, under the law, were not sufficient to give plaintiff a right of action. The motion was denied, and the objection was again raised in the following request to charge:

"I further charge you that, to make the defendant Leiphart liable, it must appear that a sale was made by him to the person who became injured, or [whose] intoxication caused the injury. The sale to another person than the one injured, followed by a subsequent sale by him to the person injured, creates no liability, and in this case I charge you that the evidence shows that no sale was made by the defendant Leiphart to the said West, nor was said injury caused by any person to whom a sale was made, and your verdict, therefore, will be no cause of action."

This request was refused. A verdict was rendered in plaintiff's favor for $650.

There are numerous assignments of error in the record. The two requiring the most serious consideration are the right of plaintiff to recover, in this form of action, damages in gross for herself and all her minor children, and the liability of defendants for damages not resulting from the intoxication of the person or persons to whom the liquor was sold, but from that of a third party to whom the purchaser furnished the intoxicant.

In support of their contention that plaintiff can thus declare for herself and minor children jointly, counsel cite Baldwin on Personal Injuries, par. 108; *Rosecrants* v. *Shoemaker*, 60 Mich. 4 (26 N. W. 794), and *Jones* v. *Bates*, 26 Neb. 693 (42 N. W. 751, 4 L. R. A. 495), followed by other Nebraska cases along the same line. Baldwin lays down the rule that "the wife may bring her action against a liquor dealer for injury sustained by her

alone, or she may bring it in her own behalf and that of her minor children," citing *Rosecrants* v. *Shoemaker, supra,* where, in a case brought by a wife to recover damages for furnishing liquor to her husband, the court said:

"If the mother sued for all the family, she could recover full compensation for their loss."

The Nebraska cases hold, under their statute and Code:

"A married woman and her minor children, constituting one family, may join in an action for loss of means of support caused by the intoxication of the husband and father, against those who furnished him intoxicating liquors."

None of those authorities are controlling in this case. The deceased had neither wife nor minor children. He died a minor himself and unmarried. No authority is cited which holds that the interests of the brothers, sisters, and mother of a deceased person can be combined in one action in a suit brought in the name of the mother to recover a gross sum for all. Even in a case where suit is brought by the wife to recover for herself and minor children of the deceased, it is yet an open question whether preliminary proceedings must not first be taken under the statute, designating the mother as a next friend or guardian *ad litem,* before she can recover for the minor children. Under the statute, each person entitled to compensation has a separate and independent cause of action, and, where their causes of action are combined, it would seem to follow that there must be some proceeding by which, when a recovery is had, the amount awarded in favor of each one should be differentiated and designated. Counsel for plaintiff state in their brief, and reiterate and emphasize, that plaintiff is a widow. She surely is not the widow of the deceased, and we are unable to reconcile such statements with the testimony, except on the theory that there is more than one kind of widow. Plaintiff herself says in her testimony on page 16 of the record: "I

have a husband. The last time I heard of him he was in Washington."

It is undisputed that Alfred West, whose death is attributable to his intoxication, did not participate directly or indirectly in the purchase of liquor from Leiphart. It is sought to establish the relation of cause and effect between the sale of Leiphart and the injury by including an independent, intermediate, illegal act of a third party. Section 5398, 2 Comp. Laws, under which plaintiff seeks to recover, provides:

"Every wife, child, parent, guardian, husband, or other person, who shall be injured in person or property, or means of support or otherwise, by an intoxicated person or by reason of the intoxication of any person, or by reason of the selling, giving or furnishing any spirituous, intoxicating, fermented or malt liquors, to any person, shall have a right of action in his, or her own name, against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury, and the principal and sureties to the bond hereinbefore mentioned shall be liable severally and jointly with the person or persons so selling, giving or furnishing any spirituous, intoxicating or malt liquors, as aforesaid, and in an action provided for in this section, the plaintiff shall have a right to recover actual and exemplary damages."

It is urged that the language, "or who have caused or contributed to the injury," authorizes plaintiff to trace the liquor back from those who directly furnished it to the person whose intoxication caused the injury through intervening owners, and hold responsible a party who previously sold it unlawfully. Where there has been a series of successive transfers of liquor by sale or gift before it reaches the one whose intoxication is caused thereby, can it be said that the first one in that series is liable for the consequences of the subsequent sales or gifts he was not a party to, of which he had no knowledge and to a party he may have never seen? The case of *Ryerson* v. *Phelps*, 163 Mich. 237 (128 N. W. 200), which is urged by coun-

sel for plaintiff in support of such construction of the statute, does not involve the question of the intervention of an independent and distinct human agency interposing to break the chain of causation. The question at issue in that case was the sale of liquor by defendant to plaintiff's husband. The testimony tended to show that the husband procured the intoxicating liquor from defendant through the agency of his minor son whom he sent to defendant to purchase it for him. Under such circumstances, it was held a question for the jury whether defendant had made an unlawful sale to plaintiff's husband.

The liability in these cases is an obligation imposed by statute on the sale of liquor. While it involves the question of care and diligence and intent on the part of the dealer, it reaches beyond, and finally rests on cause and effect. To create a liability, the act of the dealer must be shown in whole or in part to be the connected, proximate cause of the intoxication to which the injury is attributable. In *Bush* v. *Murray*, 66 Me. 472, it was said:

"The liability attaches to the person selling or giving, and to no one else. The selling or giving must be to the person intoxicated, by whom the injury to the person or property was done, and must cause his intoxication. If A. sells to B., and B. to C., and so on till Z. sells to the person intoxicated, by whom the injury is done, A. cannot be regarded as the person selling to the person intoxicated and responsible to one whose person or property has been injured by the individual to whom Z. sold the intoxicating liquors causing the intoxication of the person by whom the injury was done. If A. were to be held liable, so would all the intermediate sellers prior to the last as well as the last, which would be absurd. * * * The seller or giver of intoxicating liquors to one other than the person doing the injury cannot, within any reasonable construction of the statute, be regarded as having caused or contributed to the intoxication of the person doing the injury."

The Maine statute is similar to ours and of like import in its general terms, but does not contain the expression,

"or who have caused or contributed to the injury." This expression in our statute, reading the same as a whole, necessarily means caused or contributed to the intoxication of the person who did the injury, and in that particular is the same in intent and purpose with the Maine statute. In *Dudley* v. *Parker*, 132 N. Y. 386 (30 N. E. 737), in construing the civil-damage act of that State, it was held that, to recover damages for personal injuries alleged to have been received through intoxication caused by liquors sold by defendant, the plaintiff must show that the furnishing of the liquor was, in whole or in part, the proximate cause of the intoxication, and that the liquor was furnished to the individual whose intoxication inflicted or caused the injuries complained of.

In the case under consideration, the injuries complained of are not the natural and proximate consequence of the sales of liquor made by defendant Leiphart to Johnson and Stuebeck. Though the injury may be traced up to the unlawful act of one man, if it would not have happened but for the subsequent, independent, unlawful act of another, the latter alone is liable. *Bosworth* v. *Brand*, 1 Dana (Ky.), 377. On the undisputed facts in this case there was no issue to submit to a jury and defendants' request that a verdict of no cause of action be directed should have been granted.

The judgment is reversed, and no new trial granted.

MOORE, C. J., and McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.