MARY BENES v. JOSEPH CAMPION AND OTHERS.[1]

July 29, 1932.

No. 28,776.

*Moonan & Moonan,* for appellant.
*Annie Wrabek,* pro se.

HOLT, J.

At the trial the action was dismissed as to defendant Cehlar. There was a verdict for defendant Campion but against defendants Wrabek, husband and wife, in the sum of $3,300. On the latters' motion in the alternative for judgment notwithstanding the verdict

[1]Reported in 244 N. W. 72.

or a new trial, judgment was ordered in their favor. From the judgment thereupon entered plaintiff appeals.

Plaintiff is the wife of Joseph Benes. Her action is under G. S. 1923 (1 Mason, 1927) § 3239, making an illegal purveyor of intoxicating liquors liable to a wife for the injury to her means of support caused by the intoxication of her husband from such liquors.

Defendants Wrabek formerly lived in Scott county, where plaintiff and her husband reside. Sometime before January 14, 1929, the Wrabeks moved to St. Paul. In the afternoon of that day defendant Campion purchased a gallon of moonshine from the Wrabeks in their home in St. Paul. He had been accustomed to do so both while they resided in Scott county and after they moved to St. Paul. This time, on his way home, Campion, passing near the farm occupied by plaintiff and her husband, met the latter on the road about nine o'clock that night. There was a short visit. Benes got three drinks of the Wrabek liquor, and Campion passed on. According to Benes' testimony, he became unconscious, fell at the side of the road, and remained there stupefied until about five o'clock in the morning. That night the temperature went to ten degrees below zero. Benes froze his hands and feet so that both hands had to be amputated and all but three of his toes. Before this misfortune, although 65 years old, he was in vigorous health. The injury to plaintiff's "means of support" is obvious, and no question is here made as to the amount of the verdict.

The order granting judgment is silent as to the legal ground therefor. But no doubt it is based on the proposition that the Wrabeks furnished the liquor to Campion and not to Benes and had no knowledge or reason to suspect that Benes would get any of it. In states having statutes giving a cause of action to a wife for furnishing intoxicating liquors to the husband, thereby causing injury to her means of support, it has been held that only the one who immediately sells or furnishes such liquors to the husband is liable—not the remote seller. 33 C. J. p. 646, § 321; Harris v. Hardesty, 111 Kan. 291, 207 P. 188; Bush v. Murray, 66 Me. 472; West v. Leiphart & Co. 169 Mich. 354, 135 N. W. 246; Sullivan v.

Conrad, 79 Neb. 303, 112 N. W. 660; Dudley v. Parker, 132 N. Y. 386, 30 N. E. 737. In none of the statutes involved in the decisions noted is the cause of action limited to the illegal sale. But the use of the word "illegally" in our statute is perhaps not of enough significance by itself for this court to refuse to follow the logic of the decisions cited, if there were no other applicable statutes or facts differing from those in the decisions mentioned. 27 USCA, § 12, makes the sale of this moonshine illegal, and § 32 thereof gives a civil cause of action against the violator in favor of the one injured. We do not hold that plaintiff can maintain this action against the Wrabeks under the last named section; but § 12 is of some significance in denouncing the making and vending of moonshine. From the testimony it appears that the Wrabeks had for several years been selling moonshine or "home brew" to Campion. It is well known that this sort of liquor can neither be lawfully made nor dealt in. It is contraband. It contains fusel oil and other deleterious ingredients, producing sometimes blindness and even death to the consumer thereof. While moonshine is made and sold for a beverage, it is generally considered more or less injurious and dangerous to the partaker. We think L. 1923, p. 548, c. 393, and L. 1925, p. 248, c. 221 (1 Mason, 1927, §§ 3237, 3238, 3238-1 and 3238-2) are directly aimed at such intoxicants as moonshine. L. 1925, p. 248, c. 221, § 1, reads:

"Any person who shall unlawfully sell intoxicating liquor which when drunk causes permanent physical or mental injury to the person drinking the same shall be guilty of a felony."

The title of the act is:

"An act providing penalties for the selling or giving away of intoxicants that cause permanent physical or mental injury."

We know of no intoxicating liquor that fits better the description given by the act of the stuff denounced thereby than moonshine. L. 1919, p. 537, c. 455, the original act passed in aid of the enforcement of the eighteenth amendment to the federal constitution, had no specific provision directed at the sort of liquors which undoubt-

edly moved the legislature to enact L. 1923, p. 548, c. 393, and L. 1925, p. 248, c. 221. That one who takes chances in making and dealing in stuff which may bring him under the penalties of these statutes makes himself liable to the consumer of moonshine who suffers ill effects therefrom does not admit of doubt. And had Mr. Benes sued the Wrabeks, the following decisions of this court would sustain a recovery: Meshbesher v. Channellene O. & M. Co. 107 Minn. 104, 119 N. W. 428, 131 A. S. R. 441; Neiman v. Channellene O. & M. Co. 112 Minn. 11, 127 N. W. 394, 140 A. S. R. 458; Moehlenbrock v. Parke, Davis & Co. 141 Minn. 154, 169 N. W. 541; McCrossin v. Noyes Bros. & Cutler, Inc. 143 Minn. 181, 173 N. W. 566; Ellis v. Lindmark, 177 Minn. 390, 225 N. W. 395. Under the statutes referred to and even under the common law, a maker or dealer who puts out an article which is poisonous or dangerous to use, when used as intended, without giving notice of its dangerous qualities, is liable not only to the buyer but to any person who suffers injury by the use thereof, such injury being one that might reasonably be anticipated. In addition to our cases, above referred to, may be cited Blood Balm Co. v. Cooper, 83 Ga. 457, 10 S. E. 118, 5 L. R. A. 612, 20 A. S. R. 324; Ives v. Welden, 114 Iowa, 476, 87 N. W. 408, 54 L. R. A. 854, 89 A. S. R. 379; McCubbin v. Hastings, 27 La. Ann. 713; Norton v. Sewall, 106 Mass. 143, 8 Am. R. 298; Gerkin v. Brown & Sehler Co. 177 Mich. 45, 143 N. W. 48; 48 L.R.A.(N.S.) 224; Davis v. Guarnieri, 45 Ohio St. 470, 15 N. E. 350, 4 A. S. R. 548; Peters v. Johnson, Jackson & Co. 50 W. Va. 644, 41 S. E. 190, 57 L. R. A. 428, 88 A. S. R. 909; Hasbrouk v. Armour & Co. 139 Wis. 357, 121 N. W. 157, 28 L.R.A.(N.S.) 876. But of course the principle found in the above decisions, while spelling liability of the Wrabeks to Mr. Benes, does not make them liable to his wife. One who through a tort injures a husband so that the wife is deprived of his support becomes liable to the husband, but not directly to the wife, except in case of the husband's death from the injuries, when she becomes a beneficiary under the statute giving a cause of action for death by wrongful act.

However, we think said G. S. 1923 (1 Mason, 1927) § 3239, gives plaintiff a cause of action against the Wrabeks for unlawfully vend-

582

ing this moonshine liquor as a beverage which reached her husband and resulted in his total disability to support her. It reads:

"Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, shall have a right of action in his or her own name, against any person, who shall by illegally selling, bartering, or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained;" etc.

The liquor here involved could not be lawfully manufactured. Its sale is unlawful and wrongful because of its inherent tendency to cause "permanent physical or mental injury to the person drinking the same." It comes under the designation of intoxicating liquors as used in L. 1919, p. 537, c. 455, § 1. The cases first above cited holding only the immediate seller to the injured party responsible, under the civil damage or dram shop acts there involved, related to liquors that could be lawfully manufactured and for certain purposes could be lawfully disposed of. But here everything connected with the manufacture and sale of the moonshine liquor was wholly forbidden. Everything connected with it was unlawful. The makers of the stuff, the Wrabeks (there is no evidence that they bought it), intended that it be sold and finally consumed, and committed a crime. Under these circumstances, proximate cause and consequent liability can be ascribed to the original makers and sellers for the final result. Plaintiff clearly was injured in her means of support by the intoxication of her husband from the stuff made and vended by the Wrabeks, resulting in his total incapacity; and there seems no sufficient reason why the original wrongdoers in the chain of causation should not be held liable. The question of proximate cause need give no trouble. The cases cited, with that of Meshbesher v. Channellene O. & M. Co. 107 Minn. 104, 119 N. W. 428, 131 A. S. R. 441, are sufficient authority. Proximate cause appearing, it is held that plaintiff has a cause of action under said § 3239, the civil damage act, but not independently thereof. In

our opinion the court erred in granting judgment notwithstanding the verdict.

The judgment is reversed.

WILSON, C. J. (dissenting).

I dissent.

STONE, J. (dissenting).

I dissent because I cannot escape the conviction that in this case we are making law rather than merely applying it—that in adjudicating we are inadvertently invading the province of legislation. But if the decision is making law, it is good law. So my only protest is already sufficiently expressed.