ELIZABETH J. DUDLEY, Appellant, *v.* EDWARD D. PARKER
et al., Respondents.

In an action, under the Civil Damage Act (Chap. 646, Laws of 1873), to·
recover damages for personal injuries alleged to have been received
through intoxication caused by liquors sold by the defendant, the plain-
tiff must show that the furnishing of the liquor was, in whole or in part,
the proximate cause of the intoxication and that the liquor was furnished
to the individual whose intoxication inflicted or caused the injuries com-
plained of.

In such an action it appeared that plaintiff's injuries were caused by the
act of S. who, when intoxicated, drove a horse and buggy against a car-
riage in which plaintiff was riding, upsetting it.   S. had invited one G.
to ride with him that day, provided another person did not do so.   On
the evening before the accident, when passing defendants' liquor store
together, G. invited S. to go in with him, which he did; S. remained near
the door, while G. went on to the counter, had a bottle filled with
whiskey, which he paid for, and both left together.   It did not appear
that they drank any of the whiskey that night, or that S. was informed
by G. of his purpose to procure it.   The next day G. went with S.,
taking the bottle of whiskey, from which they both drank.   G. subse-
quently left the buggy and S. took in another person, with whom he
was driving when the accident happened.   *Held*, that the evidence failed
to show that the sale of the liquor by the defendants was the proximate
cause of the intoxication of S., but that the supply to him by G. of the
liquor purchased by the latter was the proximate cause ; and so, that
defendants were not liable, and a denial of a motion for a nonsuit
was error.

Reported below, 55 Hun, 29.

(Argued March 22, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, made October 1, 1889,
which set aside a verdict in favor of plaintiff and granted a
new trial.

This action was brought to recover damages for personal
injuries suffered by the plaintiff, occasioned by being thrown
from the carriage in which she was riding with her husband
on a highway in the county of Cayuga, on October 10, 1886.

This was caused by the act of one Edward Shaw who, in

driving a horse hitched to a buggy and going in the same direction, recklessly drove against the carriage conveying the plaintiff, overturning it, causing serious injury to her. The plaintiff in her complaint alleged that Shaw was then intoxicated and that his intoxication was caused in whole or in part by intoxicating liquor which had been sold by the defendants to him and one Gage. The plaintiff had a verdict, and the exceptions were ordered heard at General Term in the first instance.

Further facts are stated in the opinion.

*James C. Smith* for appellant. The motion for a nonsuit was properly denied. (1 Starkie on Ev. 456 ; 3 Black. Comm. 373.) The seller is liable for the acts of an intoxicated person although he does not directly sell or give the liquor to such person ; as, for instance, where one person " treats " another at the seller's place of business, and the treated person becomes intoxicated thereby and does actionable injury. (*Bertholf* v. *O'Reilly,* 74 N. Y. 509 ; *Valans* v. *Owen,* 74 id. 526 ; *Mead* v. *Stratton,* 87 id. 493 ; *New* v. *McKechnie,* 95 id. 632; *Davis* v. *Standish,* 26 Hun, 608; *Ford* v. *Ames,* 36 id. 571; *Bush* v. *Murray,* 66 Me. 472.) A motion for a new trial on exceptions ordered to be heard at the General Term in the first instance, is a statutory proceeding, and the General Term has no jurisdiction, power or authority on a motion of that kind, except such as the statute confers. (Code Civ. Pro. §§ 1000, 1002; *Beattie* v. *N. S. Bank,* 41 How. Pr. 137; *Hotchkiss* v. *Hodge,* 38 Barb. 117.) The suggestion that the charge ought to have been " qualified," implies that it was right, in part, at least. If a qualification was needed, it was the duty of the defendants to suggest it at the trial. (*Doyle* v. *N. Y. Infirmary,* 80 N. Y. 634; *Smedis* v. *R. R. Co.,* 88 id. 15 ; *Adams* v. *I. N. Bank,* 116 id. 606, 615 ; *Jones* v. *Osgood,* 6 id. 233, 235 ; *Bommer* v. *M. Co.,* 81 id. 468, 470 ; *Throop G. C. Co.* v. *Smith,* 110 id. 83, 93 ; *Post* v. *M. R. Co.,* 125 id. 697; *Lewis* v. *N. Y., L. E. & W. R. Co.,* 123 id. 496 ; *Day* v. *Town of New Lots,* 107 id. 148.)

*S. E. Payne* for respondents. The motion for a nonsuit should have been granted upon the first ground stated in defendants' motion, viz. : " That there is no evidence that the defendants sold or furnished any liquor to Shaw." (*Bush* v. *Murray*, 66 Me. 472 ; *Bertholf* v. *O'Reilly*, 74 N. Y. 513 ; *Ford* v. *Ames*, 36 Hun, 571 ; *Macy* v. *Wheeler*, 30 N. Y. 231.) It is error for the court, in giving instructions, to assume that facts have been proved, or that a certain state of facts exists. (Sackett's Instruction to Juries [2d ed.], 19.) To entitle the plaintiff to recover, the damages claimed must be the direct consequence of the sale to Gage, and not the giving by Gage to Shaw. The relation of cause and effect must be shown to exist between the act complained of and the injury ; and this relation of cause and effect cannot be made out by including the illegal acts of Shaw. (Sackett's Instruction to Juries [2d ed.], 275 ; *Bush* v. *Murray*, 66 Me. 472.) The plaintiff was bound to establish her case by competent evidence. (*Lovelan* v. *Briggs*, 32 Hun, 477 ; *Blatz* v. *Rohrback*, 116 N. Y. 450 ; *Mandeville* v. *Marvin*, 30 Hun, 282.) There is no statutory provision which prohibits the General Term from correcting any mistakes or errors which may have been committed by the trial court, although no exception was taken, distinctly indicating the alleged error. (*Benedict* v. *Johnson*, 2 Lans. 94 ; *Costello* v. *S., etc., R. R. Co.*, 65 Barb. 92, 105 ; *Whittaker* v. *D. & H. C. Co.*, 49 Hun, 400 ; *Ackart* v. *Lansing*, 6 id. 476 ; *Johnson* v. *McConnel*, 5 id. 295 ; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 27 ; *S. O. Co.* v. *A. Ins. Co.*, 79 id. 510 ; *Emmons* v. *Wheeler*, 5 T. & C. 617.)

BRADLEY, J. The main question presented is whether there was any evidence to justify the submission of the case to the jury, and this arises upon the exception to the denial of the motion for a nonsuit made on the ground that it did not appear that the defendants sold or furnished any liquor to Shaw. The conclusion was warranted that he was intoxicated at the time in question, and that the intoxicating liquor which caused or contributed to his intoxication was sold by the defendants,

and that the plaintiff's injury was in consequence of such intoxication. The right of action in this class of cases is dependent upon the statute, which provides that " every * * * person who shall be injured in person * * * by any intoxicated person, or in consequence of the intoxication * * * of any person, shall have a right of action in his or her name against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication in whole or in part of such person or persons." (L. 1873, ch. 646.)

The purpose of this statute was to place the responsibility for the injurious consequences to others than the intoxicated person, upon those who should furnish the liquor which produced the intoxication of the person by whom, while in and by reason of that condition or in consequence of it, the injury should be caused or suffered. This obligation is one of the incidents imposed by statute upon the liquor traffic. The question when it arises is not one of care or diligence on the part of the seller, but is simply one of cause and effect. And as has been said by this court, while the statute should not by judicial construction be enlarged, it should be interpreted " according to its true intent and meaning, having in view the evil to be remedied and the object to be obtained." (*Mead* v. *Stratton*, 87 N. Y. 493.) And that " the legislature having control of the subject of the traffic in the use of intoxicating liquors, may make such regulations to prevent the public evils and private injuries resulting from intoxication as in its judgment are calculated to accomplish this end." (*Bertholf* v. *O'Reilly*, 74 N. Y. 509, 524.)

The statute is one of indemnity for consequences that may result from the traffic in liquors, consequences attributable to intoxication. But to charge a party, within the meaning of the statute, the furnishing the liquor by him must be in whole or in part the proximate cause of the intoxication to which the injury complained of may be imputable. And for that purpose the liquor must be furnished by such party to or for the person whose intoxication is the foundation of the charge of liability for the injury. In the present case the liquor was

sold by the defendants, and the question is whether or not
there was any evidence that Edward Shaw was a party to the
purchase of it. He did not participate openly in the transac-
tion of making it, but it is insisted on the part of the plaintiff
that the inference was permitted that he was in fact a partici-
pant in the purchase made by one William Gage. The bur-
den was with the plaintiff to prove that such was the fact.
And for the purpose of proving her case in that respect she
relied upon the evidence of those persons, by which it appears
that they were engaged as employes in the same manufacturing
establishment in the city of Auburn; that on Friday before
the Sunday when the calamity occurred, Shaw invited Gage
to go with him to Meridian the next Sunday, provided a young
lady did not do so; that they were together Saturday evening
on the street, and as they came to the defendants' liquor store
Gage went in, and on his invitation Shaw went in with him;
that the latter stopped inside near the door and talked with a
person there while Gage proceeded thirty or forty feet farther
to the counter and there had his bottle filled with whiskey, as
he had before and periodically been accustomed to do; he paid
for it, and they both went out together; that they soon parted and
went to their homes; that Shaw repeated the invitation to Gage
to go with him to Meridian the next day and was informed by
the latter that he would let him know in the morning. It does
not appear that they drank any of the liquor that night, or that
Shaw was informed by Gage of his purpose to get any liquor, or
that anything was said on the subject that evening by either
to the other. Nor does it appear that Shaw knew the purpose
for which Gage went into the defendants' place, unless it
might be inferred from the fact that it was a liquor store. The
next morning they met. Shaw procured a horse and buggy,
and they together went to Meridian, Gage had with him the
bottle of liquor purchased the night before, and from which
they drank on their way there. On their arrival at Meridian
Gage left the buggy, and Shaw took in a Mr. Brown, and
with him in it was driving at the time the collision with the
carriage in which the plaintiff was riding, and her injury as

the consequence occurred. It is quite evident from their manner of testifying, as appears by the record, that those witnesses had no desire to support, further than was necessary for them to do so, the plaintiff's alleged cause of action. And there may have been some reason, founded upon speculation, to apprehend that Shaw understood that Gage intended to get liquor when they went into the store, and that he had obtained it when they departed, but those facts do not nor does it appear that the liquor was by him intended for them or for any other than his own use by any evidence or any inference legitimately arising from it to that effect. In fact, the evidence of the witnesses was that it was not definitely concluded until Sunday morning that Gage would go with Shaw to Meridian. The fact, as claimed on the part of the plaintiff, that they were unwilling witnesses did not furnish any evidence in support of her action, although it might aid in giving construction favorable to the plaintiff's case of testimony given by them having doubtful import. The difficulty is that there was no evidence to the effect, or legitimately in support of inference, that Shaw was in any sense a purchaser, or in any manner participated in the purchase from the defendants, of the liquor which produced the intoxication. And, therefore, it did not appear that the act of the defendants in selling the liquor was the proximate cause of the intoxication of Shaw. But that it was the supply to him by Gage of the liquor purchased by the latter, which produced the intoxication of Shaw, who, while in that condition and in consequence of it, did the act which resulted in the plaintiff's injury. If Gage had been driving the horse at the time and the accident had then occurred as it did, a different question would have been presented. Then there would have been facts to support a recovery against the defendants. It not appearing that the defendants were responsible for the intoxication of Shaw, the plaintiff was not entitled to recover. The exception to the denial of the motion for nonsuit was, therefore, well taken.

There were other exceptions, which, in the view taken, require no consideration.

The order should be affirmed and judgment absolute directed for the defendants.

All concur.

Order affirmed and judgment accordingly.