BUTZIN v. BONK.

1. INTOXICATING LIQUORS—TAVERN KEEPER—LIABILITY FOR INJURIES INFLICTED BY CUSTOMER.

    To render a tavern keeper and his surety liable for injuries sustained by plaintiff when assaulted by person who had purchased and consumed intoxicating liquor in the tavern, it was not necessary that such assailant be shown to have been hopelessly intoxicated (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

2. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

    In action against tavern keeper by victim of customer's assault in defendant's tavern, evidence will be construed most favorably to plaintiff in disposing of defendant's motions for directed verdict and for judgment *non obstante veredicto*.

---

* See Act No. 296, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 14063-1 et seq., Stat. Ann. 1942 Cum. Supp. § 26.1231 et seq.).—REPORTER.

3. INTOXICATING LIQUORS—TAVERN KEEPER'S LIABILITY FOR CUS-
    TOMER'S ASSAULT—QUESTION FOR JURY.

> In action against tavern keeper and surety on his bond by victim
> of a customer's assault for injuries sustained, wherein de-
> fendant claimed there was no evidence that assailant was in-
> toxicated at time of the assault nor of unlawful sale of in-
> toxicating liquors by defendant tavern keeper, question of
> fact for jury *held,* presented where evidence discloses that
> prior to assault the assailant had had 4 or 5 drinks before
> arriving at defendant's place where he purchased and con-
> sumed 5 or 6 bottles more (Act No. 8, § 22, Pub. Acts 1933
> [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

Appeal from Saginaw; O'Neill (James E.); J. Submitted October 9, 1942. (Docket No. 78, Calendar No. 41,985.) Decided November 25, 1942.

Case by William N. Butzin against Peter Bonk, doing business as the Wagon Wheel, and the United States Fidelity & Guaranty Company, a Maryland Corporation, surety, for injuries inflicted on plaintiff by person intoxicated from liquor sold by defendant Bonk. Judgment for plaintiff. Defendants appeal. Affirmed.

*James V. Finkbeiner,* for plaintiff.

*H. Monroe Stanton,* for defendants.

NORTH, J. Plaintiff brought suit in the circuit court to recover damages resulting from personal injuries he suffered from an assault upon him by William Lemmer. Trial was by jury. Plaintiff had verdict and judgment. Defendants have appealed.

Defendant Bonk owned and operated the Wagon Wheel tavern and there sold beer and other alcoholic beverages. The United States Fidelity & Guaranty Company was the surety on his bond. Plaintiff's suit is under the statute which in part provides:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury." Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1942 Cum. Supp. § 18.993).

At the close of the proofs defendants' motion for a directed verdict was denied. In support of this motion defendants contended "that plaintiff had failed to show any unlawful sale of liquor to William Lemmer, while intoxicated, and had failed to show that the injuries claimed by the plaintiff were in any way caused by or resulted from an illegal sale of intoxicating liquors." Defendants' subsequent motion for judgment *non obstante veredicto* was also denied. In asking reversal defendants assert:

"1. There is no evidence that William Lemmer, plaintiff's assailant, was intoxicated at the time of the assault.

"2. There is no evidence that there was an unlawful sale of intoxicating liquor by the defendant, Peter Bonk."

There is no question about plaintiff having been assaulted in Bonk's tavern by Lemmer and having been thereby personally injured. Plaintiff's undisputed testimony is that prior to the assault he did not know Lemmer at all; although just at the time there was some rivalry between the two as to which should have the attention of a young woman who

was dancing and drinking with patrons of the place. Just shortly before coming to Bonk's tavern Lemmer had drunk at least three or four glasses of beer at another place; and during approximately an hour that he was at Bonk's tavern prior to the assault Lemmer purchased and consumed five or six bottles of beer. He testified that at the time he assaulted plaintiff:

"I wasn't drunk, but I could feel my drinks. * * *

"*Q.* That beer didn't have any effect upon you?

"*A.* I am not a judge of that. I don't know if four beers would or not. * * *

"*Q.* Now, after you struck him, did you jump on him or did you fall on him?

"*A.* I lost my balance and fell on top of him and I arose immediately. In fact, somebody pulled me up. * * *

"*Q.* How did it come about that you struck Butzin?

"*A.* Well, it just happened, that's all. * * *

"*Q.* What conversation do you say you had with Butzin?

"*A.* I didn't have any.

"*Q.* You say you lost your balance and fell on him?

"*A.* Yes, sir."

As noted, within an hour before the assault Lemmer had purchased and consumed five or six bottles of beer in Bonk's tavern, this in addition to the four or five drinks he had had shortly before. To render defendants liable it was not necessary to prove that at the time Lemmer was so-called "dead drunk" or hopelessly intoxicated. *Lafler* v. *Fisher*, 121 Mich. 60. In disposing of defendants' motions and on this appeal the testimony must be construed most favorably to plaintiff. *Gayden* v. *Arabais*, 292 Mich. 651. On each of the issues raised by appellants a question

of fact for the jury's determination was presented. The judgment entered in the circuit court is affirmed. Costs to appellee.

CHANDLER, C. J., and BOYLES, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.