MALDONADO *v.* CLAUD'S INCORPORATED.

1. ACTION—CONSOLIDATED CASES—DERIVATIVE ACTION.

The disposition of a minor's case against a liquor licensee under the civil damage provisions of liquor control act controls the disposition of an action by the minor's father against the same defendant for damages he sustained which he claimed resulted to him because of the injuries sustained by the son and which latter action had been consolidated for trial and appeal with the minor's action (CL 1948, § 436.1 *et seq.,* as amended).

2. EVIDENCE—AGE OF MINOR—CIVIL DAMAGE ACT.

The testimony of an older sister as to the age of minor to whom defendant, liquor licensee in action under civil damage provisions of liquor control act, had sold intoxicating liquor was competent, where it appears she was familiar with the family situation (CL 1948, § 436.1 *et seq.,* as amended).

3. INTOXICATING LIQUORS—CIVIL DAMAGE ACT—SALE TO MINORS—QUESTION OF FACT—EVIDENCE.

Evidence presented in actions by minor and his father for injuries to former, claimed to have been inflicted by a minor, purchaser of beer at defendant's place of business, *held,* to have presented questions of fact for the jury and supported its verdict for plaintiffs on questions as to whether such pur-

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Actions § 95.
[2] 20 Am Jur, Evidence § 472.
[3] 30 Am Jur, Intoxicating Liquors §§ 639 *et seq.,* 644.
[4] 3 Am Jur, Appeal and Error §§ 887, 937.
[6] 30 Am Jur, Intoxicating Liquors §§ 639, 643.
[7, 8] 30 Am Jur, Intoxicating Liquors § 322 *et seq.*
[9–11, 13, 15] 30 Am Jur, Intoxicating Liquors §§ 618, **619.**
[12, 14] 30 Am Jur, Intoxicating Liquors §§ 621–623.
[14] 30 Am Jur, Intoxicating Liquors § 646 *et seq.*
[16] 14 Am Jur, Costs § 11.

chaser was a minor, whether he became intoxicated, and whether he purchased the beer at defendant's place, there being testimony he went there for such purpose and came away with a case of it (CL 1948, § 436.1 *et seq.,* as amended).

4. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

The testimony is to be construed in plaintiffs' favor on appeal from order granting defendant's motion for judgment notwithstanding verdict.

5. PLEADING—AMENDMENT—DISCRETION OF COURT.

It was within the discretion of the trial court to grant plaintiff leave to amend his declaration in action under the civil damage provisions of the liquor control act against liquor licensee so as to permit him to give additional and different testimony as to the manner in which his injuries had been inflicted (CL 1948, § 436.1 *et seq.,* as amended).

6. INTOXICATING LIQUORS—CONTRADICTORY TESTIMONY—WEIGHT OF EVIDENCE.

The weight to be given to subsequent testimony by plaintiff after he had been permitted to amend his declaration so as to permit additional and different testimony by him as to who inflicted his injuries for which he sought damages under the so-called civil damage provisions of liquor control act, was for jury, where such testimony was contradictory of that which he had given theretofore (CL 1948, § 436.1 *et seq.,* as amended).

7. SAME—SALE OF BEER TO MINOR.

A liquor licensee cannot lawfully sell beer to a minor (CL 1948, § 436.33, as amended by PA 1955, No 80).

8. SAME—SALE OF BEER TO MINOR A MISDEMEANOR.

The sale of beer to a minor is a misdemeanor (CL 1948, § 436.1 *et seq.,* as amended).

9. SAME—SALE TO MINORS—CIVIL DAMAGES.

The sale of intoxicating liquor to a minor is an unlawful sale within the meaning of the liquor control act, including the civil damage provisions granting a right of action for damages in certain cases (CL 1948, § 436.1 *et seq.,* as amended).

10. SAME—CIVIL DAMAGES—SALES TO MINORS.

The right of action under the civil damage provisions of the liquor control act giving to certain persons who have been injured "by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicat-

ing liquor" embraces a sale to a minor, since such a sale is in violation of the statute (CLS 1954, § 436.22).

11. SAME—MINORS—CIVIL DAMAGES—SALE OF CASE OF BEER.
Plaintiff minor who suffered stabbing and glass cuts in an affray with 3 other minors who were intoxicated was not entitled to recover damages in action under civil damage provisions of liquor control act for injuries inflicted by others than the minor to whom defendant liquor licensee had sold a case of beer, where record is silent that he was making the purchase for others than himself (CLS 1954, § 436.22).

12. SAME—CIVIL DAMAGES—PROXIMATE CAUSE.
To create a liability under the civil damage provisions of the liquor control act, the illegal act of the licensee must be shown in whole or in part to be the connected, proximate cause of the intoxication to which the injury is attributable (CLS 1954, § 436.22).

13. SAME—CIVIL DAMAGES—SALES TO PERSON CAUSING INJURY.
The causing or contributing to the intoxication of the person by whom an injury has been done refers to the direct and immediate result of the selling or giving the intoxicating liquors by which the intoxication was caused and liability under the civil damage provision of the liquor control act attaches to the person selling or giving and to no one else (CLS 1954, § 436.22).

14. SAME—EXCESSIVE VERDICTS—PROXIMATE CAUSE OF DAMAGES.
Verdicts of $15,000 for plaintiff minor and $2,000 for his father in their consolidated actions under the civil damage provision of the liquor control act for injuries inflicted upon the minor by 3 intoxicated minors to 1 of whom defendant had sold a case of beer *held*, excessive, where verdicts were based, in part at least, upon injuries inflicted by the purchaser's 2 companions (CLS 1954, § 436.22).

15. SAME—PARTIAL NEW TRIAL LIMITED TO ISSUES NOT DETERMINED —DAMAGES.
A partial new trial of action under civil damage provision of the liquor control act is ordered, limited to determination of whether the minor purchaser of a case of beer from defendant liquor licensee had wrongfully assaulted plaintiff minor and, if such is established, the damages plaintiff minor and his father sustained as a proximate result of such assault, where issue as to purchase by the minor has been determined in previous trial that was had (CLS 1954, § 436.22).

16. COSTS — PARTIAL NEW TRIAL — NEITHER PARTY PREVAILING IN
  FULL.

> No costs are allowed on appeal in consolidated actions by minor
>   and his father against liquor licensee for damages claimed under
>   civil damage provision of liquor control act, where case is re-
>   versed and partial new trial granted, since neither party has
>   fully prevailed.

Appeal from Saginaw; O'Neill (James E.), J.
Submitted October 18, 1956. (Docket Nos. 55, 56;
Calendar Nos. 46,978, 46,979.) Decided December
28, 1956. Rehearing denied May 17, 1957.

Case by Artemio Maldonado, a minor by his next
friend, against Claud's Incorporated, a Michigan
corporation, under civil damage act for personal in-
juries sustained in affray of intoxicated minors.
Similar action by Zaragosa Maldonado, father, for
medical expense. Cases consolidated for trial and
appeal. Judgments for defendant *non obstante vere-
dicto.* Plaintiffs appeal. Defendant cross-appeals
asking new trial if judgments are not sustained.
Reversed and remanded for new trial confined to
issue of damages inflicted by single party to alterca-
tion.

*van Benschoten & van Benschoten,* for plaintiffs.

*Stanton, MacKenzie, Cartwright & Walker,* for de-
fendant.

CARR, J. The plaintiff Artemio Maldonado
brought action in circuit court to recover damages
from defendant, basing his cause of action on the
provisions of the liquor control act* of the State.
Said plaintiff alleged in his declaration that on or
about the 25th of January, 1954, the defendant un-
lawfully sold beer to a minor, Mario Campos, that

---

* PA 1933 (Ex Sess), No 8, as amended (CL 1948, § 436.1 *et seq.,*
as amended [Stat Ann and Stat Ann 1955 Cum Supp § 18.971 *et seq.*]).

as a result of said sale Campos, his brother David and one Rafael Pena became intoxicated, that they engaged in an altercation with plaintiff, that David stabbed and cut plaintiff with a knife, and that Pena also stabbed him in the back, inflicting serious injuries. The case is predicated on the theory that the sale of beer by defendant was unlawful, that the intoxication of the parties in question resulted from drinking the beer, and that plaintiff's injuries were caused thereby.

Subsequent to the bringing of this action, plaintiff's father, Zaragosa Maldonado, sued to recover damages that he alleged had resulted to him because of the injuries sustained by his son in the mentioned affray. The 2 cases were tried together, and verdicts of $15,000 in the first case and $2,000 in the second were returned by the jury. For the sake of convenience in the discussion of the issues presented on the record, we refer to Artemio as the plaintiff. The disposition of his case controls that of his father.

On the trial of the case testimony was offered indicating that about 9 o'clock in the evening of January 22, 1954, plaintiff, in company with Victor Cortez, went to a certain location in Saginaw county referred to in the record as "the Mexican colony." Other young men joined them, and it appears that the party remained in or about plaintiff's automobile until approximately 1 or 1:30 of the following morning. At that time another car in which the Campos brothers, Pena, and one Samora were riding came to the location, stopping in proximity to plaintiff's car. The testimony is undisputed that the latter group wished to pick up a friend who played the guitar in order that they might be entertained thereby.

The witnesses were not in accord as to certain minor facts, but it appears that Mario Campos went

to plaintiff's car, engaging in conversation with Cortez with reference to some prior difficulty between Cortez and Pena, and that Cortez left the car and went over to the other vehicle in which Pena was seated. Thereafter plaintiff followed, apparently with the purpose in mind of participating in any argument, or further difficulty, that might follow. He testified on the trial that David Campos sought to stop him as he aproached Cortez and Mario, but that he pushed David aside and continued his course. He engaged Pena and the others in conversation, and while so engaged David struck him over the head with a beer bottle. He also claimed that David cut him with a knife, and that Pena stabbed him in the back while he was fighting with David. The wound received caused him to fall and lie upon the ground, or upon an old couch in proximity.

At the time of the trial plaintiff had scars on his face that he claimed resulted from the knife wounds inflicted by David. He was later recalled for further examination, after an intermission in the trial, and then claimed that Cortez hit David on the head with a bottle, that plaintiff thereupon fell toward Mario, and that the latter hit him on the head twice with a bottle, as a result of which his face was cut. The original declaration did not charge that Mario had assaulted or directly injured plaintiff, but after the introduction of the testimony in question the trial court permitted an amendment to the declaration covering plaintiff's then claim as to what had occurred.

No witnesses as to the actual affray, other than plaintiff, Pena and Cortez, testified on the trial. At the conclusion of the proofs counsel for defendant made motions for directed verdicts, which the court took under advisement. The cases were submitted to the jury, with the results before stated. Thereupon defendant moved for judgments notwith-

standing the verdicts and, also, in the alternative, for a new trial. The court granted the motion for judgments in favor of the defendant and, in effect, denied a new trial. Plaintiffs have appealed, alleging error in the entry of the judgments, and defendant has cross-appealed asking that if this Court orders the judgments as entered to be vacated a new trial be granted.

On behalf of defendant it is urged on appeal that there is no competent testimony in the record to support a finding that Mario Campos was a minor at the time of the alleged sale of the beer. As before indicated, Mario was not a witness in the case, but the testimony of an older sister was introduced which indicated that he was not 21 at the time of the occurrence. The witness further testified as to the ages of other children in the family, younger than herself, indicating familiarity with the family situation with respect to the matter in question. Such testimony was competent. *Fontana* v. *Ford Motor Company,* 278 Mich 199; 31 CJS, Evidence, § 227, pp 972, 973.

It is also claimed that no competent testimony was introduced in support of the claim that Mario became intoxicated, or was in that condition at the time of the affray in which plaintiff sustained his injuries. While the testimony in this respect was such as might well raise doubts with reference to the matter, it was for the jury to determine the weight to be given to it. In determining whether the motion for judgments notwithstanding the verdicts was properly granted, we have in mind the generally accepted rule that the testimony is to be construed in plaintiff's favor. *Butzin* v. *Bonk,* 303 Mich 522. Like considerations must prevail in rejecting defendant's claim that there was a total absence of proof that defendant sold or furnished beer to Mario on the occasion in question. Counsel cite and rely on *Ny-*

*lund* v. *Gemo,* 295 Mich 75, in which the trial court held that there was no proof that the defendant had sold or furnished liquor to plaintiff's husband. The case at bar, however, presents a different factual situation. There is testimony here tending to show that Mario entered defendant's establishment for the purpose of purchasing beer. Within a few minutes he came out carrying a case of the beverage. It may be assumed that the jury inferred from the facts shown that a purchase had been made. Under the circumstances it is scarcely credible that someone other than defendant gave Mario the case of beer, or that he committed larceny in order to obtain it. The conclusion of the jury that there was a purchase and sale was permissible.

Did Mario wrongfully assault plaintiff and inflict injuries on his person? Plaintiff's claim in this respect rests on his own testimony. As before noted, the original declaration filed did not make any such claim and as a witness in his own behalf plaintiff first testified that the injuries for which he was seeking to recover damages were inflicted by David and Pena. Whether his subsequent testimony with reference to his being struck over the head with a bottle by Mario was true was for the jury to determine. It may not be said from the record before us precisely what conclusion was reached in this regard. Whether the verdicts returned were based soley on the acts of Pena and David, or in addition thereto on the alleged attack by Mario, is a matter of conjecture. However, it was within the discretion of the trial judge to grant the motion for leave to amend the declaration. The motion having been granted, the weight to be given to the additional testimony of plaintiff was for the jury, to be determined in the light of plaintiff's contradictory statements. *Alley* v. *Klotz,* 320 Mich 521, and prior decisions there cited.

Under section 33 of the liquor control act, above cited (CL 1948, § 436.33 [Stat Ann 1953 Cum Supp § 18.1004]), defendant could not lawfully sell beer to a minor at the time of such alleged sale. The amendment to said section by PA 1955, No 80, does not change the situation in this respect. Under the statute such sale, if made, was a misdemeanor and in the same category as sales to intoxicated persons under section 29 of the statute (CL 1948, § 436.29 [Stat Ann § 18.1000]). The illegality of such sales to either class mentioned is not open to question. Defendant argues that the so-called civil damage provisions of the liquor control act do not contemplate a recovery by a plaintiff in the absence of a sale to an intoxicated person. With this contention we are unable to agree. Section 22* of the act requires that a retailer of beer, wine or spirits, shall give bond "conditioned that any such retailer or specially designated merchant will not directly or indirectly, by himself, his clerk or agent or servant at any time sell, furnish, give or deliver any alcoholic liquor to a minor except as provided in this act, nor to any adult person whatever who is at the time intoxicated, and that he will pay all damages actual and exemplary that may be adjudged to any person or persons, including those hereinafter mentioned, for injuries inflicted upon him or them either in person or property or means of support or otherwise, by reason of his selling, furnishing, giving or delivering any such alcoholic liquor." A subsequent provision of the same section grants the right which plaintiff is pursuing in the instant case. It reads as follows:

"Every wife, husband, child, parent, guardian or other persons who shall be injured in person or

* CL 1948, § 436.22 as amended by PA 1951, No 219 (CLS 1954, § 436.22, Stat Ann 1955 Cum Supp § 18.993).

property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor, shall have a right of action in his or her name against the person who shall by such selling or giving of any such liquor have caused or contributed to the intoxication of said person or persons or who shall have caused or contributed to any such injury."

It will be noted that the basis of the right of action created by the legislature is "unlawful selling, giving or furnishing to any such persons" intoxicating liquors. The term "such persons" must be deemed to have reference to those to whom sales may not lawfully be made. The emphasis is obviously on unlawful transactions of the character mentioned. A sale to a minor falls within the category. The term "such selling" must be taken to mean selling in violation of the statute. *Juckniess* v. *Supinger*, 323 Mich 566, 571. See, also, *McDaniel* v. *Crapo*, 326 Mich 555, in which plaintiffs' cause of action was predicated on an unlawful sale of beer to a minor who became intoxicated and was involved in a traffic accident. In the trial court judgment in favor of defendants was entered on the pleadings. This Court reversed and remanded for further proceedings.

It may be noted, also, that in *Wyatt* v. *Chosay*, 330 Mich 661, the action was brought against a licensed retail liquor dealer and the surety on his bond on the ground that the dealer had sold intoxicating liquor to a young man 20 years of age who became intoxicated and through the negligent operation of an automobile caused the death of plaintiff's husband. However, the testimony failed to establish that said minor was intoxicated at the time of the fatal accident, and in consequence the action of the trial judge in rendering judgment for defendant notwithstanding the verdict of the jury was affirmed.

We conclude that the sale of intoxicating liquor to a minor is an unlawful sale within the meaning of the liquor control act, including the provisions granting a right of action for damages in certain cases.

This brings us to a consideration of the question whether defendant may be held liable in this case for the injuries inflicted on plaintiff by Pena and David. Counsel in their brief assert that Mario "instigated and actively participated in the gang assault" upon plaintiff. They further insist that Mario was intoxicated at the time and, inferentially, that his conduct was due to this condition. The testimony in the record does not support the contention. There is no proof to indicate that Mario or his companions knew or had reason to believe that plaintiff was, or would be, at the Mexican colony. The testimony with reference to the reason for going to that place is referred to above. Neither is there any showing that the Campos brothers or Pena had prior to this affray any animosity toward plaintiff. The conversation between some of the occupants of the 2 automobiles did not at the outset concern plaintiff. Apparently he left his automobile and proceeded to where the discussion or argument was in progress for the purpose of participating in it. He resisted the efforts of David to persuade him to refrain from carrying out his intention, to the point of pushing him to one side. This apparently was the first act of physical force in the affray.

The testimony of plaintiff suggests the inference that his attitude of aggressiveness and belligerency may have constituted the principal reason for the various acts of violence disclosed by the proofs. There is no testimony indicating that Mario caused his brother to hit plaintiff or to cut and stab him with a knife. Neither does it appear that Pena was prompted to leave the automobile in which he was sitting and stab plaintiff in the back with a dagger

because of any act or word on the part of Mario. The latter took no part in the display of physical violence, insofar as this record shows, until Cortez had hit David over the head with a bottle and plaintiff, as he says, "fell toward Mario." Plaintiff also stated that he was pushed toward Mario, that the latter then hit him with a bottle, whereupon plaintiff turned around, saw David, and started to fight with him. No claim is made that Mario pursued him. The theory that defendant can be held liable for what Pena and David did because they were prompted by Mario, due to his intoxication, to commit their acts is not tenable.

As a general proposition, statutory liability for the unlawful sale of intoxicating liquor rests on the immediate seller so that if such liquor is transferred to others who drink it, become intoxicated, and cause injury to either person or property of a third party, the original seller is not liable. In *West* v. *Leiphart & Co.*, 169 Mich 354, the action was based on the statute then in force (CL 1897, § 5398) which is very similar in substance to the present statute. There the plaintiff sought to recover damages claimed to have been sustained by her through the death of her minor son. The action against Leiphart was brought on the theory that he had sold liquor to 2 different individuals, one of whom was a minor and the other an habitual drunkard who was intoxicated at the time he made the purchase, and that said parties had furnished the liquor, or some of it, to plaintiff's son. The latter, because of his intoxicated condition, sustained an injury that resulted in his death. In discussing the legal issue presented, it was said, in part (pp 358, 359):

"It is urged that the language, 'or who have caused or contributed to the injury,' authorizes plaintiff to trace the liquor back from those who directly fur-

nished it to the person whose intoxication caused the
injury through intervening owners, and hold re-
sponsible a party who previously sold it unlawfully.
Where there has been a series of successive transfers
of liquor by sale or gift before it reaches the one
whose intoxication is caused thereby, can it be said
that the first one in that series is liable for the con-
sequences of the subsequent sales or gifts he was
not a party to, of which he had no knowledge and to
a party he may have never seen? The case of *Ryer-
son* v. *Phelps,* 163 Mich 237, which is urged by coun-
sel for plaintiff in support of such construction of
the statute, does not involve the question of the
intervention of an independent and distinct human
agency interposing to break the chain of causation.
The question at issue in that case was the sale of
liquor by defendant to plaintiff's husband. The testi-
mony tended to show that the husband procured
the intoxicating liquor from defendant through the
agency of his minor son whom he sent to defendant
to purchase it for him. Under such circumstances,
it was held a question for the jury whether defendant
had made an unlawful sale to plaintiff's husband.

"The liability in these cases is an obligation im-
posed by statute on the sale of liquor. While it
involves the question of care and diligence and in-
tent on the part of the dealer, it reaches beyond, and
finally rests on cause and effect. To create a liability,
the act of the dealer must be shown in whole or in
part to be the connected, proximate cause of the
intoxication to which the injury is attributable."

In support of the conclusion the Court cited with
approval *Bush* v. *Murray,* 66 Me 472. It appears
that the defendant therein was charged with selling
liquor to a party who gave it to the wife of the
plaintiff. In consequence, plaintiff's wife became
intoxicated and indulged in conduct to plaintiff's in-
jury. In commenting on the situation, it was said
(pp 472, 473):

"The causing or contributing to the intoxication of the person by whom an injury has been done refers to the direct and immediate result of the selling or giving the intoxicating liquors by which the intoxication was caused. The liability attaches to the person selling or giving and to no one else. The selling or giving must be to the person intoxicated by whom the injury to the person or property was done and must cause his intoxication."

In keeping with the language quoted, it was held that defendant was not liable. In accord with the above decisions is *Sullivan* v. *Conrad,* 79 Neb 303 (112 NW 660), where it was held:

"Under the civil damages section of our liquor law (Ann Stat § 7165), under ordinary circumstances a saloonkeeper is not liable for damages resulting from the use of intoxicating liquors, where the liquors were sold by the saloonkeeper to a third person, who thereafter furnished the liquor to the person who became intoxicated and caused the injury complained of, if it appears that the saloonkeeper had no knowledge or reason to believe that the liquors sold to the third person were to be furnished to the person who became intoxicated." (Syllabus 3.)

In *Dudley* v. *Parker,* 132 NY 386 (30 NE 737), action was brought against defendants under the civil damage act of the State to recover for personal injuries suffered by plaintiff through the negligence of one Edward Shaw. It was shown that the latter was intoxicated at the time, but that the liquor was sold to William Gage who allowed Shaw to drink a portion of it, with the result indicated. It was held that defendant was not liable in the absence of a showing that Shaw had participated in the purchase. In reaching such conclusion, the court indicated the interpretation of the statute involved in the following statement (p 389):

"The statute is one of indemnity for consequences that may result from the traffic in liquors, consequences attributable to intoxication. But to charge a party, within the meaning of the statute, the furnishing the liquor by him must be in whole or in part the proximate cause of the intoxication to which the injury complained of may be imputable. And for that purpose the liquor must be furnished by such party to or for the person whose intoxication is the foundation of the charge of liability for the injury."

See, also, 48 CJS, Intoxicating Liquors, § 456, p 727.

In the case at bar the purchase, which the jury found from the testimony was made, was by Mario. He did not act as the agent of his companions, or any of them. The latter had no interest, other than a possible expectant one, in the beer and no right to insist that Mario share it with them. His doing so was a mere act of hospitality on his part. No claim is made, and there is no proof tending to show, that he made any statement to any of defendant's agents or employees indicating that he was making the purchase for others, or that the circumstances known to defendant suggested that such was the fact. The record is silent in this respect. The only conclusion that may be drawn from the testimony is that Mario obtained the beer and that he was entitled to, and did, control its disposition. Under the facts and applicable principles of statutory construction defendant may not be held liable for the injuries sustained by plaintiff at the hands of David and Pena. It is apparent that findings of the jury as to the damages to which plaintiffs were entitled were based, either wholly or in the main, on such injuries. The verdicts were in consequence greatly excessive.

In accordance with the conclusions reached with reference to the main issues the cause is remanded to circuit court with directions to set aside the judg-

ments entered in favor of the defendant and to grant a new trial. The jury by its verdicts has determined that defendant did, as claimed by plaintiffs, unlawfully sell intoxicating liquor to a minor. A retrial of such issue is not required, nor will it be necessary to consider the damages sustained by plaintiff Artemio, or by the other plaintiff in the companion case, because of the acts of David and Pena. As to such matters plaintiffs are bound by the proofs introduced on the trial of the case. In consequence, the issue involved on the retrial will be limited to a determination as to whether Mario, as a result of drinking intoxicating liquor unlawfully furnished to him by defendant, wrongfully assaulted and injured plaintiff. If such issue is determined in favor of plaintiffs, then each will be entitled to recover such damages, in accordance with the provisions of the statute, as he can establish were sustained by him as a proximate result of such wrongful action on the part of Mario. Neither party having prevailed fully on the present appeal, no costs are allowed.

Dethmers, C. J., and Sharpe, Smith, Edwards, Kelly, and Black, JJ., concurred.

Boyles, J., took no part in the decision of this case.