## EAST *v.* MISSIAS.

INTOXICATING LIQUORS—CIVIL DAMAGE ACT—BURDEN OF PROOF—EVIDENCE—PROXIMATE CAUSE.

Evidence, presented in action under civil damage act by dependents of person alleged to have been served intoxicating liquor while intoxicated, *held,* insufficient to sustain plaintiffs' burden of proof that their damages resulted from the illegal sale (CL 1948, § 436.22, as amended by PA 1958, No 152).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted October 11, 1961. (Docket Nos. 59, 60, Calendar Nos. 48,954, 48,982.) Decided March 16, 1962.

---

REFERENCES FOR POINTS IN HEADNOTES

30 Am Jur, Intoxicating Liquors § 540 *et seq.*

Case by Mattie Marie East against Nick Missias, doing business as Missias Bar and Grill, under the civil damage provisions of the liquor control act for pecuniary loss resulting from attack on her intoxicated husband on July 23, 1959. Similar action by Ernest Lee East, by next friend. Cases consolidated on trial and appeal. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Albert Lopatin,* for plaintiffs.

*Doyle, James & Dark,* for defendant.

DETHMERS, C. J. These cases were brought under the so-called civil damage provisions of the liquor control act (CL 1948, § 436.22, as amended by PA 1958, No 152 [Stat Ann 1959 Cum Supp § 18.993]) against defendant, owner and operator of a licensed "tavern." Plaintiffs are the wife and minor son, respectively, of Robert Boone East, hereinafter referred to as East. The 2 cases were consolidated for trial and this appeal.

Plaintiffs' claims are for damages allegedly sustained by them in loss of maintenance and support by reason of the injury, disablement and loss of earnings suffered by East as a result of his being beaten by another in defendant's tavern. It is alleged in plaintiffs' declaration that defendant furnished East with intoxicating beverages while he was in an intoxicated condition; that while he was intoxicated he became involved in a fight and received the beating; that defendant did, by serving the intoxicant to East, directly contribute to his injuries.

On trial there was evidence which the trial judge deemed sufficient to go to the jury on the questions of East's intoxication at the time in question and of his having been served liquor by defendant while in

that condition. On defendant's motion, however, the court directed a verdict against plaintiffs on the ground that there was no competent evidence that East's injury arose from his intoxication.

Plaintiffs' theory of the case is stated in their brief as follows:

"It is to be remembered Robert Boone East, the assaulted person, is not a party to this suit. In the usual case under the civil damage act, we have an action against the bar owner for an assault committed by an intoxicated person. In this case it was not the intoxicated person who committed the assault but a person who was intoxicated provoking through his actions and conduct an assault upon his own person and the question becomes whether the unlawful sale created the situation which resulted in his placing himself in a position where he was injured as a result of his *own* intoxication thereby giving rise to the losses for which the principal suits were brought under the civil damage act."

The testimony upon which plaintiffs rely in support of their theory, elicited from defendant himself on cross-examination, follows:

"*Q.* Did you find out how this fight broke out the night before?

"*A.* What I heard you mean?

"*Q.* Yes.

"*A.* Well, I heard that—I heard a couple of stories —that Mr. East got smart with this Mexican, and this Mexican went back to the restroom and came back and picked up his beer to go to the restaurant, I guess, where he was cleaning it up or something, and Mr. East said something again and got up or something and this Mexican slapped him, that is what I heard.

"*Q.* The Mexican slapped him while he was in your bar?

"*A.* Yes.

"*Q.* And did they tell you what part of his face was slapped?

"*A.* No, sir, they didn't.

"*Q.* Did they tell you that Mr. East was knocked to the floor?

"*A.* Yes."

East's own testimony was to the effect that he had not been intoxicated at the time so far as he knew and that he did not know why anyone should have hit him because he had not said or done anything but was hit by somebody without any reason whatsoever. Aside from that, there was no testimony as to why or how the beating occurred other than the above, entirely hearsay, testimony of the defendant.

In this connection the trial court said, in his opinion granting a directed verdict, that:

"In this case you would have to, members of the jury, infer, you would have to infer that because of his intoxication Mr. East popped off to the Mexican, and because he popped off to the Mexican you would have to infer that because of that the Mexican hit him. Now, the testimony shows that Mr. East popped off whether he was sober or drunk, so what difference does it make whether he was drunk, how did that contribute to his injury. If he had popped off sober and the Mexican resented it, you would have to infer that he did. It just seems to me that you have got to infer too many things to get to the point where the intoxication of Mr. East had anything to do with his injury."

The testimony amply supports the court's comment that on past occasions East popped off equally whether sober or drunk.

We agree with the trial court that there was insufficient, competent evidence from which a jury could reasonably infer that plaintiffs' damages resulted from defendant's sale of intoxicants to East

while he was intoxicated. That, under the statute in question, was the burden of proof resting on plaintiffs, prerequisite to their right to go to a jury and to recover. *Maldonado* v. *Claud's, Incorporated,* 347 Mich 395. They failed to sustain it.

Affirmed. Costs to defendant.

CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.