ALMON, Justice.
This is an appeal from a summary judgment, made final pursuant to Rule 54(b), A.R.Civ.P., in favor of one defendant, a liquor licensee, who allegedly furnished alcohol to the minor who caused plaintiffs injuries in an automobile accident. The trial court held that because the sale was by the licensee’s employee, not the licensee, no sale “contrary to the provisions of law” took place.
Jerry Larry Putman was injured when the truck he was driving collided with a car driven by Laura Gibson Wilson. Laura was sixteen years old at the time and had been to a party where she had drunk several beers. The affidavits submitted on the summary judgment motion indicated that another minor, Mary Patton, had purchased beer at Fred’s Beverages, a sole proprietorship owned by Fred Cromwell. Putman contends that Laura Wilson drank some of this beer, but appellee Fred Cromwell denies that it has been proven that Laura drank beer purchased at Fred’s Beverages.
Putman and his wife sued Laura Wilson, her father, and fictitious defendants. They later substituted Fred Cromwell, d/b/a Fred’s Beverages, for one of the fictitious defendants. The claim against Cromwell was that he “negligently or wantonly sold, gave, furnished, delivered, or otherwise supplied alcoholic beverages to Defendant, Laura Gibson Wilson, a minor.”
Such an action is provided for in Code 1975, § 6-5-71(a), the dram shop act:
“Every wife, child, parent or other person who shall be injured in person, property or means of support by any intoxicated person or in consequence of the intoxication of any person shall have a right of action against any person who shall, by selling, giving or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication of such person for all damages actually sustained, as well as exemplary damages.”
The Code section in effect at the time of the accident made it unlawful “For any licensee to sell, furnish or give away alcoholic beverages to any minor, or to permit any minor to drink or consume any alcoholic beverages on licensee’s premises.” Code 1975, § 28-3A-25(a)(3), as enacted by Acts 1980, Act No. 80-529, § 25. Compare the very similar provision of the prior code section, Code 1975, § 28-3-260(2), carried forward from prior Codes: “It shall be unlawful ... [f]or any licensee to sell ... to any minor .... ”
The trial court granted summary judgment for Cromwell on the grounds that Cromwell’s employee, not Cromwell, made the sale: “The evidence showed the sale was by one Roger Adcock, who is not a licensee.... There being no sale or other disposition of liquor contrary to law under the facts no right of action exists.” Cromwell was not in the store at the time of the sale. He stated in his affidavit that he had told all his employees not to sell to minors, and this was uncontradicted.
After the time of this accident, the Legislature amended § 28-3A-25(a) to read, in pertinent part: “It shall be unlawful: ... (3) For any licensee either directly or by the servants, agents or employees of the same to sell ... alcoholic beverages to any minor _” Acts 1984, Act No. 84-469. Thus, the issue ruled upon by the trial court will not arise regarding events subsequent to the effective date of this amendment.
Even the summary judgment for Cromwell cannot stand, however, in light of this Court’s decision in Buchanan v. Merger Enterprises, Inc., 463 So.2d 121 (Ala.1984). In Buchanan this Court created a common-law action in a case which fell into a gap of the dram shop act. The accident which was the subject of suit in that case occurred during a time when there was no law prohibiting the sale of alcohol to visibly intoxicated persons. This hiatus in the law was due to a repeal of former Code provisions and a delay by the Alcoholic Beverage Control Board in promulgating rules under new Code provisions. This Court, *526 however, allowed an action to lie, accepting “the proposition that legislatively created principles of dram shop liability, not fully implemented by the acts themselves, can be effectuated by a common law negligence action.” Id., at 124.
Although the writer of this opinion dissented from the holding in Buchanan, the rule announced therein is now the law. Under that rule, Cromwell could be held liable even without an expansive reading of “licensee” in the former version of § 28-3A-25(a)(3). Under the common law doctrine of respondeat superior, a principal is liable for the negligence of his agents committed within the scope of their employment. Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820 (1964). Thus, the summary judgment granted by the trial court must be reversed and the cause remanded for consideration under the rule ahnouneed in Buchanan.
Cromwell argues that the summary judgment is due to be affirmed even if not on the grounds set out by the trial court. He stated in affidavit that he specifically instructed his employees not to sell alcohol-, ic beverages to minors, and he argues here that this uncontradicted evidence establishes that his employee was not acting within the line and scope of his employment. Cromwell also argues that it has not been established that the beer which Laura Wilson consumed came from his premises or even that she became intoxicated “to any degree of certainty.” These are factual matters not passed on by the trial court and therefore inappropriate for consideration in this Court.
Finally, Cromwell argues that dram shop liability only rests on the immediate, not the remote, supplier of alcoholic beverages, citing Maldonado v. Claud’s Incorporated, 347 Mich. 395, 79 N.W.2d 847 (1956), and 48A C.J.S. Intoxicating Liquors § 444 (1981). This principle of law was not argued or decided below, so the issue is insufficiently developed to provide grounds for affirming the summary judgment. We do note, however, that the language of § 6-5-71 gives some support for Cromwell’s position, in that it grants a right of action against one “who shall, by selling ... to another ... any liquors or beverages, cause the intoxication of such person.”
For the reasons stated, the judgment of the circuit court is due to be, and it is hereby, reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.