I concur in the holding, but I write separately to express my concern with the Court's treatment of Buchanan v. MergerEnterprises, Inc., 463 So.2d 121 (Ala. 1984), and Putman v.Cromwell, 475 So.2d 524 (Ala. 1985). The holding, applying Code 1975, § 6-5-71(a) (the so-called Dram Shop Act[1]), expressly rejects plaintiff's common law claim under these circumstances. In other words, in unmistakable language, this case stands four-square for the proposition that, unless the facts fall squarely within the specific language of § 6-5-71(a), there is no cause of action. Yet, in spite of Buchanan's express creation of a common law right of action (for whatever reason), followed by a unanimous Court in Putman, the Court in this opinion "respectfully disagree[s]" with "plaintiff['s] conten[tion] that in Buchanan . . . this Court created a new cause of action 'for negligent dispersing of alcoholic beverages by a licensed vendor' "; but, in a "tippy, tippy-toe, sidestep" exercise, the opinion does not overrule Buchanan andPutman, pretending, instead, that these cases still have a "narrow application."
Does the Court not really mean to say this: Because the ABC Board, by its regulations, has now "fixed" the "contrary to the provisions of law" problem — statutory gap that existed at the time of Buchanan and Putman — we abandon the common law concept of liability created by Buchanan and relied upon and applied in Putman, and look solely to the public policy as expressed by the legislature and implemented by its regulatory agency, the ABC Board. Indeed, how can the opinion in this case reasonably be interpreted as holding anything different?
Although I voted with the majority in Buchanan, I have now agreed to compromise *Page 167 
my position; and I now agree that the statute, along with the implementing regulations, and not the common law, provides the exclusive remedy in these cases. Having thus agreed, I would forthrightly declare that Buchanan and Putman no longer have a field of operation.
[1] I have referred to § 6-5-71(a) as the "so-called Dram Shop Act," because this is a misnomer, leading to considerable confusion. Indeed, it has led to the common misconception that it only targets licensed retailers of intoxicated beverages. In fact, the target of the Act is "any person who shall, by selling, giving, or otherwise disposing of to another, contrary to the provisions of law, any liquors or beverages, cause the intoxication. . . ." (Emphasis added.) Neither the word "licensee" nor any other word denoting "Dram Shop" appears anywhere in the statute.
The difficult words of application are not to be found in "any person" but in "contrary to the provisions of law." For example, during the Prohibition era, virtually every transaction involving liquor was "contrary to the provisions of law." Since the repeal of Prohibition, however, only statutorily proscribed transactions fall within the purview of the Act.
It is only natural that the licensed vendor should become the primary focus of § 6-5-71(a), because the Alcoholic Beverage Control Act prohibits specific licensee conduct. It is to these statutory prohibitions and regulatory rules that the injured party most commonly looks for relief. But this does not mean that it is only the licensee who may sell, give, or otherwise dispose of intoxicating beverages to another "contrary to the provisions of law." One obvious example of this is where "any person" knowingly sells or gives liquor or beer to a minor. Even if we assume the absence of any specific statute prohibiting such sale or gift, the "contrary to the provisions of law" element is supplied by the unqualified statutory prohibition against a minor's use of intoxicating beverages. One who furnishes the forbidden drink is an equal participant with the minor in the commission of the proscribed conduct, and thus "any person" who knowingly furnishes intoxicating beverages to a minor necessarily does so "contrary to the provisions of law."