Sarah A. Jackson was injured at Mobile Greyhound Park (hereinafter "the Park") during the course of a fight that broke out between Michael Reville and Stephen McNickle, both former employees of the Park. Jackson sued Reville, McNickle, and the Park, alleging negligence and wantonness.[1] She also sued the Park under the Dram Shop Act, Ala. Code 1975, § 6-5-71. At the close of Jackson's case, the trial court denied her motions for directed verdict with regard to Reville and the Park. The trial court denied the Park's motion for directed verdict at the close of all the evidence. The trial court submitted the case to the jury against Reville on the negligence and wantonness counts and against the Park on the dram shop count alone. *Page 113 
The jury returned a verdict in favor of both Reville and the Park, and Jackson appeals from the denial of her motion for directed verdict on the negligence and dram shop counts and her motion for judgment notwithstanding the verdict or, in the alternative, for new trial.
Reville and McNickle were at the Park on September 17, 1986, pursuant to an invitation by Aldon Smith, one of the owners of the Park, to "have a night on him" on the occasion of McNickle's graduation from college. The evidence is undisputed that Reville and McNickle, along with their dates, ate and drank that evening on a "house check," which meant that all of their food and drinks were free. The total drink tab for the group was $253. By the end of the evening, Reville had become intoxicated and an argument erupted between him and McNickle. The two began fighting on the elevator in which Jackson was standing, and she was injured in the course of the fray.
The trial court did not err in denying Jackson's motion for directed verdict on the negligence count, because Alabama does not recognize a common law cause of action for negligence in the dram shop context. DeLoach v. Mayer Electric Supply Co.,378 So.2d 733 (Ala. 1979). Although Buchanan v. MergerEnterprises, Inc., 463 So.2d 121 (Ala. 1985), created a narrow exception for such a cause of action, the present situation does not fall within that exception. Buchanan involved a "gap" in the dram shop law at the time the plaintiff's decedent was killed; at that time there was no statute in effect making it illegal to sell alcohol to visibly intoxicated persons.[2] The common law negligence action was allowed in Buchanan on the rationale that "legislatively created principles of dram shop liability, not fully implemented by the acts themselves, can be effectuated by a common law negligence action."463 So.2d at 124 (emphasis added).
This exception was clarified in Ward v. Rhodes, Hammonds, Beck, Inc., 511 So.2d 159 (Ala. 1987), in which a common law negligence claim was denied. We pointed out that "the incident giving rise to the claim . . . did not occur during the hiatus when there were no provisions making it unlawful for a licensee to dispense alcohol to a person who was visibly intoxicated."511 So.2d at 164 (citations omitted). As in Ward, the present dram shop liability act, Code 1975 § 6-5-71, was in effect at the time of Jackson's injury; thus, she had a cause of action under that statute rather than one for common law negligence.
The trial court did not err in sending the case to the jury against the Park on the dram shop count alone. With reference to the trial court's denial of Jackson's JNOV motion, she argues that its initial denial of the Park's motion for directed verdict mandated sending both the negligence and the wantonness count to the jury. After defense counsel rested its case, the trial court stated, "It will go to the jury against the Defendant, Greyhound Park, only on the Dram Shop count," to which Jackson's counsel did not object. Thus, that alleged error was not preserved for our review. Rule 46, A.R.Civ.P.
Furthermore, the trial court's denial of Jackson's JNOV motion was correct, because Jackson has not shown the jury's verdict to be palpably wrong.
 "Our rule of review of a denial of a motion for JNOV based on a 'weight of the evidence' ground is well settled. A motion for JNOV should be denied if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by the scintilla rule. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778, 782-83 (Ala. 1984). The verdict of a jury is presumed correct and will not be set aside unless it is against the weight and preponderance of the evidence, and this presumption of correctness of a jury verdict is strengthened when, as in the present case, the trial judge refuses to grant a motion for *Page 114 
a new trial. TG Y Stores v. Atchley, 414 So.2d 912, 914 (Ala. 1982)."
Potomac Leasing Co. v. Bulger, 531 So.2d 307, 309 (Ala. 1988).
Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.
[1] Jackson voluntarily dismissed McNickle with prejudice prior to trial. Although Reville is one of the named appellees, Jackson makes no argument on appeal regarding him.
[2] "This hiatus in the law was due to a repeal of former Code provisions and a delay by the Alcoholic Beverage Control Board in promulgating rules under new Code provisions." Putman v.Cromwell, 475 So.2d 524, 525 (Ala. 1985).